UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LINCOLN LATHAM,
    Plaintiff,

v.

                                    C.A. No. 23-10062-NMG

CORRERA PLATT,
    Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Lincoln Latham's ("Latham") "Motion to Sequester a Witness" (ECF No. 1) is construed as a motion for injunctive relief, the motion is <u>DENIED</u> without prejudice, and this action is <u>DISMISSED</u> without prejudice.

The initiating document in this action was the instant motion. No filing fee has been paid or other initiating document filed. While Latham appears to have intended to file this motion in a civil action that was dismissed and closed over a decade ago, <u>see</u> <u>Latham Jr. v. Board of Bar Overseers of the Supreme Judicial Court of Massachusetts</u>, 11-cv-12296-NMG, the instant motion has no relation to that case. The Clerk's Office assigned a case number for the convenience of the Court, but Latham has not commenced an action because a complaint has not been filed. <u>See</u> Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

"In the absence of a complaint ... setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction." <u>Lowenthal</u> v. <u>Massachusetts</u>, No. CIV.A. 14-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014)(quoting

Greene v. Phila. Hous. Auth., No. 11-MC-60, 2011 WL 1833011 (E.D.Pa. May 11, 2011)); Latimore v. Boston Police Dep't, No. CIV.A. 14-13685-FDS, 2014 WL 4965867, at *2 (D. Mass. Oct. 1, 2014). Accordingly, the motion is denied.

Because it is unclear whether Latham intended to file a new civil action, the Court dismisses the action without prejudice for lack of subject matter jurisdiction to let Latham decide whether he wishes to file a new action and incur the significant filing and administrative fees in connection therewith. See Bruce v. Samuels, 577 U.S. 82 (2016) (holding multiple filing fees are due simultaneously on a per case basis).

The Clerk is directed to file a separate order of dismissal without prejudice and close the case. No filing fee is assessed.

SO ORDERED.

01/17/2023
DATE

_/s/ Nathaniel M. Gorton_
UNITED STATES DISTRICT JUDGE